UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:15cv254-FDW

| TERRENCE JAVARR ROSS, | ) | |
|---|---|---|
| Petitioner, | ) | |
| vs. | ) | ORDER |
| MIKE SLAGLE,[1] | ) | |
| Respondent. | ) | |

**THIS MATTER** is before the Court upon initial review of Terrence Javarr Ross's pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, Doc No. 1. See Rules Governing Section 2254 Cases in the United States District Courts, Rule 4.

**I.    BACKGROUND**

Petitioner, a prisoner of the State of North Carolina, pleaded guilty on February 15, 2006, in Cleveland County Superior Court, to possession with intent to sell cocaine and possession of a controlled substance at a penal institution. (Pet. 1, Doc. No. 1.) He was given an active sentence of 10-12 months. (Pet., supra.)

Petitioner subsequently was convicted by a Cleveland County jury on June 19, 2009, of possession with intent to sell a schedule II controlled substance, sale of a schedule II controlled substance, and attaining habitual felon status. (Pet., supra, at 10.) He was sentenced as a

---

[1] Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts requires that a Petition for Writ of Habeas Corpus name the person who has immediate custody of the petitioner as the respondent in the action. Id., 28 U.S.C. folio § 2254. Consistent with Rule 2(a), Mike Slagle, Superintendent of Mountain View Correctional Institution, where Petitioner currently is incarcerated, has been substituted for the State of North Carolina as Respondent in this action.

1

habitual felon to 133-169 months in prison.  (Pet., supra.)

The instant federal habeas Petition was docketed in this Court on November 11, 2015. (Doc. No. 1.)  In it, Petitioner challenges both his 2006 and his 2009 convictions.

## II.     RULES GOVERNING § 2254 CASES

Rule 2(c)(5) of the Rules Governing Section 2254 Cases in the United States District Courts requires that a Petition for Writ of Habeas Corpus be "signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242."  Id., 28 U.S.C. folio § 2254.  Neither Petitioner, nor a person authorized by him, signed the instant Petition.  (Pet., supra, 10.)

Additionally, under Rule 2(e) "[a] petitioner who seeks relief from judgments of more than one state court must file a separate petition covering the judgment or judgments of each court."  Although both Petitioner's 2006 and 2009 judgments were issued by the Cleveland County Superior Court, they were issued during different sessions of criminal court.  Therefore, for the purposes of Rule 2(e), each judgment was issued by a different court.  See generally, State v. Boone, 311 S.E.2d 552 (N.C. 1984), superseded by statute on other grounds as stated in State v. Oates, 732 S.E.2d 571 (N.C. 2012).  In short, Petitioner may not challenge both his 2006 and 2009 convictions in the instant Petition.

## III.    CONCLUSION

Petitioner must correct the deficiencies outlined above before the Court may consider the substance of the habeas Petition.  The Clerk of Court will be directed to send Petitioner a copy of the habeas Petition.  Petitioner should sign the Petition, complete section eighteen (18) regarding timeliness, and return the Petition to the Clerk of Court.  Compliance with the Court's Order will

cure Rule (2) deficiencies with regard to Petitioner's challenge to his 2006 convictions. Failure to comply with the Court's Order will result in dismissal of the Petition. Furthermore, if Petitioner wishes to challenge his 2009 convictions, he must file a separate § 2254 habeas petition and pay the $5.00 filing or seek to proceed in forma pauperis with respect to that matter.

## IV. ORDER

**IT IS, THEREFORE, ORDERED** that:

1. The Clerk of Court shall send Petitioner a copy of his Petition for Writ of Habeas Corpus (Doc. No. 1);

2. Petitioner shall have fifteen (15) days from receipt of the Petition to complete section eighteen (18) regarding timeliness, sign the Petition, and return it to the Clerk of Court; and

3. If Petitioner wishes to challenge his 2009 state convictions, he may do so by filing a separate Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 and paying the $5.00 filing fee or seeking in forma pauperis status in that matter.

Signed: January 5, 2016

Frank D. Whitney
Chief United States District Judge