UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:15cv254-FDW

| TERRENCE JAVARR ROSS, | ) | |
|---|---|---|
| Petitioner, | ) | |
| vs. | ) | ORDER |
| MIKE SLAGLE,[1] | ) | |
| Respondent. | ) | |

**THIS MATTER** is before the Court upon initial review of Terrence Javarr Ross's Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc No. 3.)

**I. BACKGROUND**

Petitioner pleaded guilty on February 15, 2006, in Cleveland County Superior Court, to possession with intent to sell cocaine and possession of a controlled substance at a penal institution. (Am. Pet. 2, Doc. No. 3.) He was given an active sentence of 10-12 months. (Pet., supra, at 1.) It does not appear that Petitioner filed a direct appeal.[2]

According to the Amended Petition, Petitioner filed a Motion for Appropriate Relief ("MAR") in the Cleveland County Superior Court on February 10, 2015, challenging his 2006 convictions and sentence. (Am. Pet., supra, at 3.) Petitioner's MAR was denied on February 18,

---

[1] Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts requires that a Petition for Writ of Habeas Corpus name the person who has immediate custody of the petitioner as the respondent in the action. Id., 28 U.S.C. folio § 2254. Consistent with Rule 2(a), Mike Slagle, Superintendent of Mountain View Correctional Institution, where Petitioner currently is incarcerated, has been substituted for the State of North Carolina as Respondent in this action.

[2] Petitioner does not state whether he filed a direct appeal. However, a search of Westlaw did not produce any indication that he filed a direct appeal, nor did a search of the North Carolina Supreme Court and Court of Appeals Electronic Filing Site and Document Library, available at https://www.ncappellatecourts.org/.

1

2015. (State's Resp. to Cert. Pet., Am. Pet. 42, Doc. No. 3.) Petitioner filed a petition for writ of certiorari in the North Carolina Court of Appeals seeking review of the denial of his MAR. (State's Resp. to Cert. Pet., supra.) The certiorari petition was denied on March 12, 2015. (Order Den. Cert. Pet., Am. Pet. 54, Doc. No. 3.)

On November 17, 2015, Petitioner filed an unsigned § 2254 Petition for Writ of Habeas Corpus in this Court. (Doc. No. 1.) In it, Petitioner challenged not only his 2006 convictions but convictions that occurred in 2009, as well. By Order filed January 5, 2016, the Clerk of Court was directed to send Petitioner a copy of the habeas Petition. Petitioner was directed to sign the Petition, complete section eighteen (18) regarding timeliness, and return the Petition to the Clerk of Court. (Doc. No. 2.) Petitioner also was informed that if he wished to challenge his 2009 convictions, he must file a separate § 2254 habeas petition. (Doc. No. 2.) On January 13, 2016, the Clerk received a back-dated and back-signed amended habeas Petition. (Am. Pet. 20, Doc. No. 3.) On the same date, Petitioner filed a separate § 2254 habeas petition challenging his 2009 convictions (1:16cv29-FDW).

## II. STANDARD OF REVIEW

The Court is guided by Rule 4 of the Rules Governing Section 2254 Cases, which directs district courts to examine habeas petitions promptly. Rule 4, 28 U.S.C.A. foll. § 2254. When it plainly appears from any such petition and attached exhibits that the petitioner is not entitled to relief, the reviewing court must dismiss the petition. Id.

## III. DISCUSSION

The "Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996" gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are "in custody in violation of the Constitution or laws or treaties of the United States." 28

U.S.C. § 2241(c)(3); see also 28 U.S.C. § 2254(a). The Supreme Court has interpreted that language to require the habeas petitioner be in custody under "the conviction or sentence under attack at the time his petition is filed." Maleng v. Cook, 490 U.S. 488, 490-91 (1989) (per curium) (citing Carafas v. LaVallee, 391 U.S. 234, 238 (1968)). Once the sentence imposed for a conviction has completely expired, an individual is no longer "in custody" for the purposes of a habeas attack upon that conviction or sentence. See Maleng, 488 U.S. at 492.

Petitioner seeks to have his February 15, 2006 convictions for possession with intent to sell cocaine and possession of a controlled substance at a penal institution vacated. Petitioner's 10-12 month sentence for those convictions expired, however, in February 2007, at the latest.[3] Consequently, Petitioner was not "in custody" under his February 15, 2006 convictions or sentence when he filed the instant § 2254 habeas petition. Therefore, this Court does not have jurisdiction to consider the constitutionality of Petitioner's 2006 convictions or sentence. See id. As such, the instant § 2254 petition will be dismissed.

**IT IS, THEREFORE, ORDERED** that:

1) Petitioner's Amended Petition for Writ of Habeas Corpus (Doc. No. 3) is **DISMISSED**; and

2) Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that

---

[3] When he was sentenced, Petitioner was given credit for the 85 days he had spent in pre-trial confinement before judgment was entered in this case. (Judgment and Commitment, Am. Pet. 41, Doc. No. 3.) Thus, he already had served about two and a half months of his 10-12 month sentence by the time judgment was entered on February 15, 2006.

reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

**SO ORDERED.**

Signed: August 22, 2016

Frank D. Whitney
Chief United States District Judge